202 P.2d 902

In re MALTBY.

No. 5176.

Supreme Court of Arizona.

Feb. 21, 1949.

A. L. Maltby, of Phœnix, in pro. per.

PER CURIAM.

Several complaints of improper and unethical practice were filed with the Local Administrative Committee for Maricopa County of the State Bar of Arizona, hereafter referred to as the State Bar, against A. L. Maltby, a duly licensed and practicing attorney in Phœnix, Arizona, hereafter referred to as respondent.

On March 29, 1947, a hearing was had by said committee at which time one of the complainants dropped his charges. The committee heard the case wherein respondent was charged with not properly accounting for his client's funds. The committee itself lodged a charge against respondent for using and distributing book matches with his name thereon as a form of advertising.

While the committee had the matter under advisement, two written complaints were filed against the respondent with the secretary of the State Bar on June 20 and July 8, 1947, by Mrs. Dell Adair. Mrs. Adair alleged that respondent represented her in a divorce suit and was now representing her former husband, Mr. Isaacs, in the same action.

Altogether the committee held three hearings. Respondent was present at two of

them but did not appear at one hearing, although invited. Testimony and other evidence were duly introduced. The committee reported a summary of its proceedings to the Board of Governors of the State Bar with findings of fact. Respondent argued the matter before the board on October 22, 1948. The board then instructed its secretary to certify the entire record to this court for appropriate action. A formal hearing was had here January 10, 1949.

[redacted] The most serious matter is respondent's action in representing Mr. Isaacs, husband of his former client. On February 12, 1946, respondent, as attorney for Mrs. Isaacs, now Mrs. Dell Adair, filed a divorce complaint in cause No. 17107, Superior Court, Maricopa County, styled Isaacs v. Isaacs. He secured a divorce judgment for his client which gave her the custody of the minor children of the parties. His services were completed in September, 1946. In the spring or summer of 1947 he undertook to represent Mr. Isaacs in the same cause, asking for a change in the custody of the children. He persisted in that course over objections of his former client made both to him and to the court below. His defense was that facts and circumstances had changed; that he had at no time gained any evidence while he was her attorney to use against her. Nonetheless Mrs. Adair complained that he betrayed her confidence and wanted him out of the case. The court below denied the change in the custody of the children so her rights were not affected. Evidently respondent misconceived his duty in the matter.

[redacted] *It should go without saying that* a lawyer must not represent clients antagonistic to one another in the same case. Even though Mrs. Isaacs was not damaged she might well have been. A lawyer must not only avoid evil, he must also avoid the appearance of evil when placed in a position of trust and confidence by a client.

[redacted] It is the opinion of this court that respondent has been guilty of indiscretions and unethical practice by:

1. Not keeping the accounts of his client in a manner respecting the confidence and trust placed in him.

2. Advertising by means of book matches with his name, as an attorney, printed on them.

3. Representing a client against a former client in the same cause of action.

Respondent's actions and attitude in this matter are wholly unbecoming to a member of the legal profession. While his actions are not deserving of suspension or disbarment, yet he has been guilty of infractions of the Canons of Ethics. Respondent's own conscience, in the absence of any objection by Mrs. Adair, should have dictated to him the utter impropriety of representing any interest in the Isaac's divorce case adverse to her.

This court owes a duty both to the public and to the profession to the extent at least

that such things shall not go unnoticed. We cannot, and will not, countenance such practice without censure. We adopt in substance the language employed by this court in the case of In re Myrland, 43 Ariz. 126, 29 P.2d 483, and are of the opinion that in view of all the circumstances a disbarment or even a suspension of respondent would be too severe a penalty for the offenses of which he has been guilty. Therefore, we confine our action to a statement of our opinion of the character of his conduct and a formal reprimand of respondent therefor. Further infraction of the Canons of Ethics by the respondent will result in suspension or disbarment.

LA PRADE, C. J., and UDALL, STANFORD, PHELPS, and DE CONCINI, JJ., concur.