311 P.2d 968

**Matter of A. L. MALTBY, a Member of the State Bar of Arizona.**

No. 6375.

Supreme Court of Arizona.

May 31, 1957.

PER CURIAM.

Disciplinary proceedings were instituted against respondent A. L. Maltby, a member of the State Bar of Arizona, before the Local Administrative Committee for District No. 4. There were three specific charges of misconduct and violations of the Canons of Professional Ethics, viz.:

"Charge 1: Violation of Canon 11, in that A. L. Maltby was during the year 1948 employed by Helen Ulman as her attorney at law to seek collection of a sum of money due her from one Irving E. Fant; that pursuant to said employment he did file an action in the Superior Court of Maricopa County, Arizona, and on December 16, 1948, by stipulation of counsel a minute entry was made granting judgment to plaintiff against defendant in the sum of $508.53, and costs; that thereafter and sometime during the year 1949, A. L. Maltby did settle said

matter and did receive from Irving E. Fant a sum of money in excess of $400.00 in the settlement thereof; that said money was received by A. L. Maltby in his capacity as attorney representing Helen Ulman; that A. L. Maltby did thereafter fail promptly to report and account for the money received and did commingle the same with his own funds; that A. L. Maltby has, since the time of the receipt of said money by him some time during the year 1949, refused and continued to refuse to advise his client, Helen Ulman, of the amount of money collected on her behalf and to account and pay over any portion whatsoever thereof to his said client, and still retains said money.

"Charge 2: Violation of Canon 13 in that having been employed in 1948 by Helen Ulman to collect an indebtedness due her from one Irving E. Fant, and having undertaken said employment on a contingent fee basis, and having later attempted to revise the amount of the contingent fee, the said A. L. Maltby failed and refused to have the reasonableness of said fee determined subject to the supervision of the Court.

"Charge 3. Violation of Canon 21 in that A. L. Maltby failed in his duty to his client to be concise and punctual in the disposition of the clause entitled 'Helen H. Ulman, Plaintiff, v. Irving E. Fant, Defendant, No. 60458', in this: that A. L. Maltby as attorney for plaintiff Helen Ulman, did settle said matter and did receive from the defendant Irving E. Fant a sum in excess of $400.00, which money was received some time during the year 1949, and after making settlement and receiving said money A. L. Maltby refused, continued to refuse and never has disclosed to his client, Helen Ulman, the amount of money received by him and refused, and continued to refuse, and never has answered the correspondence received by him from his client requesting information concerning the amount received by him from Irving E. Fant, and requesting a settlement therefor."

Thereafter, the Committee issued its Order to Show Cause and set the matter for formal hearing. Upon the hearing thereof, there was introduced both oral and documentary evidence, and A. L. Maltby appeared and testified in person.

From the evidence introduced, it was the unanimous finding of the Committee that Charge 1 was proved by a preponderance of the evidence except that the specific amount of money collected by A. L. Maltby on behalf of his client, Helen Ulman, was the sum of $450 and that of said amount, he remitted to her the sum of $25.

The Committee found that Charge 2 was proved by a preponderance of the evidence.

The Committee also found that Charge 3 was proved by a preponderance of the evidence except that the amount of money collected by A. L. Maltby on behalf of his client, Helen Ulman, was the sum of $450.

Upon the evidence submitted and the findings of the Committee, it was their unanimous recommendation that A. L. Maltby be disbarred.

In accordance with the rules the matter was then certified to the Board of Governors. Through its executive secretary respondent was notified of the findings and recommendations made by the Committee, but he did not avail himself of the privilege of filing any statement in opposition to the report of the committee, nor did he request an opportunity to appear before the Board of Governors either in person or by counsel.

The complete record was made available to each member of the Board of Governors, and in due time they met in closed session for consideration of the matter. Whereupon the following action was taken:

"* * * It was moved and seconded that the Board adopt and approve the findings and recommendations of * * * Committee * * * and recommend to the Supreme Court of Arizona that the respondent Arthur L. Maltby be disbarred. The motion carried by a vote equivalent to not less than a majority of the entire Board."

Respondent, after being notified of the action taken by the Board, nowise indicated to this court his desire to file briefs or make oral arguments on the record as to why the recommendation of the Board should not be adopted, as was his privilege under Rule 37, Rules of Supreme Court, 17 A.R.S. We have carefully examined the entire record presented to us, and, as the ultimate triers of facts, we have no hesitancy in stating that the findings made by the Committee, as confirmed by the Board, are fully sustained by the record.

Except as to a few minor phases there is no dispute as to the crucial facts. Respondent admitted he had never contacted nor advised Miss Ulman as to how much money he had collected on the judgment back in the early part of 1949. He did contend that he had remitted to her the sum of $50 rather than the $25 as found by the Committee. According to his computations he owed his client the sum of $175, and when asked by the Committee,

"Q. Now, the thing that I can not understand, Mr. Maltby, is why, if that was so in 1952, why you did not at that time and have not since that time sent the lady the amount of money which according to your own interpretation of the arrangement or agreement you admittedly owed her? * * *",

he gave this flimsy explanation:

"A. Well, * * * I have known a number of instances, and you have too, where people have paid an obligation that was disputed and yet the other person continued to try to make trouble for them. And it was my idea from my experience with this Miss Ulman that she was unpredictable, as her brother-in-law said, a neurotic, and I figured that she would take the money and then file a complaint anyhow. Now, this is my explanation of it."

Respondent's handling of this matter is shocking and deserves the severest censure. It is such conduct that brings the majesty of the law and its guardians into disrepute. Previous disciplinary action seems to have had but little, if any, beneficial effect. See In re Maltby, 68 Ariz. 153, 202 P.2d 902.

It is our considered opinion that the charges were amply proved, and these disclose in the respondent's character a lack of understanding of the canons of ethics that makes him unfit to continue as a member of the legal profession. Accordingly, it is the order of the court that respondent A. L. Maltby be disbarred and his name stricken from the roll of attorneys authorized to practice law in the State of Arizona.

Note: STRUCKMEYER, J., having disqualified himself, did not participate in the determination of this matter.