**In the Matter of the Application For Disciplinary Action Against William G. LINCE.**

**No. 8771.**

Supreme Court of North Dakota.

May 1, 1972.

Leonard H. Bucklin, Bismarck, for Grievance Commission.

Vogel, Bair & Brown, Mandan, for respondent.

STRUTZ, Chief Justice.

Two complaints concerning the professional conduct of the above-named attorney were filed with Grievance Committee No. 2 of the State Bar Association. The complaints were investigated by the Committee and report was made to the Grievance Commission of the Supreme Court, as provided in the Supreme Court Rules of Disciplinary Procedure. Such report disclosed that in the course of its investigation of these complaints, the Grievance Committee sent written interrogatories to the respondent but that he failed to answer them as requested. The Grievance Committee, after investigation, found that such complaints did not warrant disciplinary action; and in its report to the Grievance Commission the Committee recommended dismissal of the complaints. The Commission also was advised that the attorney had failed to answer interrogatories or to cooperate with the Committee in its investigation.

Upon receipt of such report of the Grievance Committee, the Grievance Commission dismissed the complaints and the respondent was notified of such dismissal. At the time of such notification, the Com-

mission admonished the respondent for his failure to cooperate with the investigating Committee, and he was informed that his failure to cooperate was a matter of deep concern to the Commission.

Subsequently, a further complaint was filed against Mr. Lince. This complaint also was investigated by the Committee and he again failed to cooperate with the Committee in its investigation. The Grievance Committee made its report to the Commission, recommending that disciplinary action be taken against the respondent because of his failure to cooperate. The Grievance Commission, on its own motion, thereafter issued a subpoena to Mr. Lince requiring him to appear and answer under oath questions pertaining to the complaint filed against him. After his appearance, the Grievance Commission ordered that a complaint be prepared and filed with the Supreme Court recommending disciplinary action against Lince for his failure to comply with the requests and directions of the Grievance committee.

The matter came on before this Court on an order to show cause on the 8th day of March, 1972, at 10 a. m. The record discloses that the subsequent complaint against Lince also was found not to warrant disciplinary action, and therefore the sole issue before this Court is whether the respondent's failure to answer complaints and interrogatories and to appear before the Grievance Committee, and to comply with reasonable requests of the Grievance Commission, constitutes unprofessional conduct which warrants disciplinary action.

Rule V, subd. C, par. 2 of the Supreme Court Rules of Disciplinary Procedure provides:

"2. If requested by the Committee, the respondent shall appear in person before it, or answer written interrogatories concerning the acts of misconduct alleged in the complaint or any other acts of misconduct disclosed by the investigation."

Rule V, subd. D provides:

"D. Any deliberate failure on the part of the respondent to submit to the Commission his written answer to a complaint, or to appear before the Committee or answer interrogatories when requested by the Committee to do so, . . . shall be a ground for disciplinary action by the Supreme Court."

Thus the disciplinary rules specifically provide that any deliberate failure on the part of an attorney to submit his answer to a complaint or to answer interrogatories when requested to do so is a ground for disciplinary action. The respondent, through his attorney, at the hearing before this Court, admitted that he had failed and neglected to answer the interrogatories and had failed to cooperate with the Committee and the Commission, and had failed to make a personal appearance before the Committee when requested to do so. The respondent offered as a defense certain extenuating circumstances existing at the time of the Committee's investigations which caused him to overlook the requests of the Committee. We find, however, after viewing the entire record, that his failure to answer the complaints, to answer interrogatories, and to appear before the Committee when requested to do so, was deliberate.

The term "deliberate failure," as used in Rule V, includes an inexcusable failure of an attorney to cooperate with a Grievance Committee or the Grievance Commission in the investigation of complaints filed against him, even though such complaints may not justify or warrant disciplinary action. Therefore, even though the respondent was not unethical in his legal practice insofar as his clients were concerned, we find that there was a deliberate failure on his part to respond to reasonable requests of the Grievance Committee and the Grievance Commission during the course of the investigation of complaints against him. See State v. Stumpf, 53 Wis.2d 690, 193 N.W.2d 842 (1972).

If the disciplinary rules and procedures are to be effective, all attorneys must comply with them. This Court has a duty to the public and to the legal profession to at least censure an attorney for disobedient conduct, if it is felt that under the circumstances suspension or disbarment may be too severe. In re Maltby, 68 Ariz. 153, 202 P.2d 902 (1949).

Therefore, notwithstanding the fact that the respondent was found not to have committed any breach of professional conduct toward his clients in any of the matters about which complaint was made against him, his deliberate failure to answer the interrogatories served upon him by the Grievance Committee, his failure to appear when requested to do so, his failure to serve a written answer to the complaint filed by the Grievance Commission, and his general failure to cooperate with the Grievance Committee and the Grievance Commission in their administration of the disciplinary rules is inexcusable and merits the condemnation of this Court. The respondent is hereby reprimanded for his failure to cooperate with the Grievance Committee and the Grievance Commission, and he is admonished to use greater diligence to comply with the requests and directions of an appropriate committee and the Grievance Commission in the future.

It is ordered that the respondent shall pay, within sixty days of the date of this opinion, all expenses incurred by the Grievance Commission in connection with the investigation of the complaints against him, not exceeding the sum of $250. In the event of his failure to make such payment within the time designated, his certificate of admission to the Bar of the State of North Dakota shall be suspended until December 1, 1972.

KNUDSON, PAULSON, ERICKSTAD and TEIGEN, JJ., concur.